```
                                              FILED
                                           JUN 1 4 2006
                                              CLERK
                                        U. S. DISTRICT COURT
                                        MIDDLE DIST. OF ALA.
```

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. __2:06-CR-0112-MEF__ |
| v. | ) | [18 USC 2252A(a)(5)(B)] |
| | ) | |
| GLENN CHARLES TOUPS | ) | **SUPERSEDING INDICTMENT** |

**The Grand Jury charges:**

### COUNT 1

From an unknown date, to on or about August 5, 2005, in Montgomery County, Alabama, within the Middle District of Alabama, the defendant,

**GLENN CHARLES TOUPS,**

did knowingly possess film, videotape, computer disk and other materials that contained images of child pornography that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

### COUNT 2

From an unknown date, to on or about August 5, 2005, in Montgomery County, Alabama, within the Middle District of Alabama, the defendant,

**GLENN CHARLES TOUPS,**

did knowingly ship and transport in interstate and foreign commerce by any means, including by computer, child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1).

### FORFEITURE ALLEGATION

A.   Counts 1 and 2 of this indictment is hereby repeated and incorporated herein by reference.

B.  Upon conviction for the violations of Title 18, United States Code, Section 2252A as alleged in Counts 1 and 2 of this indictment, the defendant,

**GLENN CHARLES TOUPS,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253:

(1)  any visual depiction as alleged in Counts 1 and 2 of this indictment and any book, magazine, periodical, film, videotape, and other matter which contains any such visual depictions, which were produced, transported, mailed, shipped and received in violation of Chapter 110, Title 18, United States Code;

(2)  any property, real and person, constituting and traceable to gross profits and other proceeds obtained from such offense; and,

(3)  any property real and personal, used and intended to be used to commit and to promote the commission of such offenses, including but not limited to the following:

1 Dell Tower computer, S/N 00045-571-636-128;

1 CTC-4XEL/3 Tower computer, S/N C1116000843;

1 Tower computer (no brand name or serial number);

1 Hitachi hard drive, S/N WM949; and,

All other assorted computer peripherals and storage media;

C.  If any of the property described in this forfeiture allegation, as a result of any act an omission of the defendant:

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred and sold to, and deposited with a third person;

2

(3)   has been placed beyond the jurisdiction of the court;

(4)   has been substantially diminished in value; or,

(5)   has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 18, United States Code, Section 2253(o), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described in Paragraph B above, all in violation of Title 18, United States Code, Section 2252A.

A TRUE BILL:

*/s/ Janice Davis Williams*
Foreperson

*/s/ Leura G. Canary*
LEURA G. CANARY
UNITED STATES ATTORNEY

*/s/ John T. Harmon*
John T. Harmon
Assistant United States Attorney

*/s/ Todd A. Brown*
Todd A. Brown
Assistant United States Attorney

*/s/ K. David Cooke*
K. David Cooke, Jr.
Assistant United States Attorney