IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO: 2:06-CR-112-MEF |
| | ) | |
| GLENN C. TOUPS | ) | |

### MOTION TO SUPPRESS AND CITATIONS OF AUTHORITY

The Defendant, Glenn C. Toups, by and through undersigned counsel, Christine Freeman, and pursuant to the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, moves this Court for an Order suppressing all physical items, all statements, and all information seized as a result of the execution of a search warrant at Mr. Toups' residence in Montgomery, Alabama on or about August 5, 2005, and/or as a fruit of the execution of the search warrant and/or the following events.

The information to be suppressed includes, but is not limited to: (a) any and all physical evidence seized from 3580 McGehee Place Drive South, Montgomery, Alabama; (b) any and all statements made by Mr. Toups or his wife or family during or after said search and seizure; and ( c) any and all evidence obtained as a result or "fruit" of any such search, seizure, and/or statements.

### Facts

At an evidentiary hearing, the following facts would be established:

1.   On some date prior to January, 2005, agents of the Federal Bureau of Investigation executed a search warrant on the residence of Gabriel Beltram in Tampa,

Florida.

2. As a result of that search, a computer was seized and examined and found to contain email messages from "numerous America On Line members," with "attachments of suspected images of child pornography." In addition, Gabriel Beltram made a statement that he had traded images of child pornography with multiple America On Line members. One of the numerous "screen names located on Beltram's computer with email attachments of suspected child pornography" was the screen name "nudetooldad@aol.com."[1]

3. On or about January 7, 2005, a subpoena was served on the custodian of records of "America On Line," for subscriber information for multiple screen names, including the name "nudetooldad@aol.com."

4. On or about January 19, 2005, America Online provided a response to the subpoena, stating:

> The subscriber database that maintains AOL account information lists nudetooldad as a screen name that was previously assigned to AOL account number 0440305146 (attached). The screen name has been deleted from the account by the member and has not been assigned to any other account as of the date of this letter.

5. The account information provided with this response indicated that said account number was assigned to an active member, who had been a member since April 7, 2003, and who had three "screen names," none of which was nudetooldad. The last "session" of the account member had been on "05-01-09 15:44 as lisa12sexy . . ." The

---

[1] All quotations are from the search warrant affidavit of Margaret Faulkner.

2

response did not provide a physical description, sex or race, birth date, Social Security number or any other description of the account holder, but only described the account holder as:

> G Toups
> 3580 **MCGEHEE** P S
> 4521
> Montgomery, AL 36111 US

6.   On or about May 2, 2005, an FBI agent from Tampa, Florida provided the above information to FBI Agent Margaret Faulkner, who is assigned to the Montgomery, Alabama regional FBI office.

7.   On or about May 11, 2005, Agent Faulkner or other officers contacted the manager of the **McGhee** Road Apartments at 3580 McGhee Road in Montgomery. They learned that Glenn Charles Toups had resided at apartment 4521-B at that apartment complex since 2002 and was still a resident there. They determined, incorrectly, that Mr. Toups was the sole resident of this apartment, even though their investigation had learned of other persons named Toups with possible connection to Glenn C. Toups, including a Gretchen Toups.

8.   On July 26, 2005, Agent Faulkner or other officers contacted Regions Bank Corporate Security and learned that Glenn C. Toups was employed at Regions as a computer analyst and listed his address as 3850 McGhee Place Drive South, Apartment 4521-B.

9.   On July 26, 2005, Agent Faulkner viewed thirty images which were allegedly attached to emails from nudetooldad which had been located on the computer of Gabriel

3

Beltram. Agent Faulkner concluded that the images were of child pornography.

10. On July 28, 2005, Agent Faulkner sought and obtained a search warrant to search the premises known as 3850 McGhee Place Drive South, Apartment 4521-B, Montgomery, Al. 36111 for items that would constitute "evidence of a criminal offense, concerning a violation of [18 U.S.C. 2252]." The affidavit contained the above information, as well as general allegations about the nature or characteristics of child pornography and persons who collect child pornography.

11. Agent Faulkner and six other agents executed the search warrant on August 5, 2005, from 8:31 a.m. to 11:08 a.m. As a result of the execution of the July 28, 2005 warrant, assorted computer equipment, hard drives, CDs, VHS movies, 8 mm cassette and numerous other items were seized from Mr. Toups' home; an inculpatory statement was obtained from Mr. Toups; a written consent to search a car was obtained from Mr. Toups; and Mr. Toups' wife was interviewed.

12. The information and items obtained as a result of these events are due to be suppressed. Said seizures violated the guarantees to due process and against unreasonable search and seizure contained in the Fourth and Fifth Amendments to the U.S. Constitution. The affidavit submitted in support of the search warrant failed to establish probable cause to believe that the items described therein would be found in a search, in that:

    a. No information was given as to when or how long Gabriel Beltram's computer had been located in Tampa, Florida, or whether or not he or his computer had

resided in any other location, including Alabama;

  b. No date or time frame was established as to when alleged child pornography was found on the computer of Gabriel Beltram, other than the inference that any such time had to be before January 7, 2005;

  c. No date or time frame was established as to when any emails or attachments had been sent to Gabriel Beltram by "nudetooldad," other than the inference that any such time had to be before January 7, 2005;

  d. No date or time frame was established as to when the screen name "nudetooldad" had allegedly been used by G Toups;

  e. No date or time frame was established as to when the screen name "nudetooldad" was deleted from the AOL account by G Toups;

  f. There was no information that G Toups had ever sent "nudetooldad" emails to Gabriel Beltram, yet there was affirmative information that at some certain point G Toups was **not** "nudetooldad;"

  g. There was no information that "G Toups" at "3580 MCGEHEE P S 4521 Montgomery, AL 36111 US" was Glenn C. Toups at 3850 McGhee Place Drive South, Apartment 4521-B in Montgomery.

  h. There was no information that Glenn C. Toups had ever possessed, received or distributed child pornography.

  I. There was no information that Glenn C. Toups had ever been observed

5

to possess child pornography at 3850 McGhee Place Drive South, Apartment 4521-B in Montgomery.

   j.  There was no information that Glenn C. Toups possessed child pornography at any location, as of July 28, 2005.

Thus, no facts were alleged which were sufficient to support a finding that (a) there was a fair probability that the items sought were possessed by the person and at the residence which was the subject of the search warrant, or that (b) items seized would establish probable cause to find the jurisdictional elements of 18 U.S.C. 2252 through the items seized.

## **Law**

"The Fourth Amendment proscribes unreasonable searches and seizures and requires a search warrant to be supported by probable cause. See U.S. Const., Amend. IV. To establish probable cause, the search warrant affidavit must 'state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched.' *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir.2002) (citation omitted). More specifically, the affidavit should establish 'a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity.' Id. at 1314." *U.S. v. Whiddon*, 146 Fed.Appx. 352, 355 (11th Cir. 2005).

"The focus in a warrant application is usually on whether the suspect committed a crime and whether evidence of the crime is to be found at his home or business." *United States v. Procopio*, 88 F.3d 21, 28 (1st Cir.1996). "Specifically, the affidavit should establish

a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity. See *United States v. Marion*, 238 F.3d 965, 969 (8th Cir.2001). The information in the affidavit must also be fresh." *U.S. v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002).

In *United States v. Zimmerman*, 277 F.3d 426, 437 (3d Cir.2002), the United States Court of Appeals for the Third Circuit held that information in a search warrant affidavit which indicated that pornography had been located on a computer in the home to be searched six months before the search was "stale" and insufficient to support the issuance of the warrant. In the present case, the closest time frame to be inferred from the allegations in the affidavit is well past six months and possibly years apart from the execution of the search warrant. Moreover, there is no absolutely no assertion in the affidavit that child pornography had ever been observed in the possession of Glenn C. Toups or at that location.

In addition, "the probable cause necessary to justify a search warrant is coextensive with the probable cause required to justify an arrest warrant" for the crime which is the subject of the related investigation. *U.S. v. Brouillette*, 478 F.2d 1171, 1177 (5th Cir. 1973); *Giordenello v. United States*, 357 U.S. 480, 485-486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); 3 Wright, Federal Practice and Procedure § 662 (1969).

The crime alleged to be the subject of Agent Faulkner's investigation was 18 U.S.C. 2252, which covers possession or receipt or distribution of child pornography with some connection to foreign or interstate commerce. No such connection was established in Agent

7

Faulkner's affidavit, other than the general allegation that "Connections between internet computers exist across state and international borders and information sent between computers connected to the Internet may cross state and international borders, even if those computers are located in the same state."

A defendant whose physical location is controlled by the police is in custody. *U.S. v. Grant*, 920 F.2d 376, 382 (6th Cir. 1991). Where a defendant has been interrogated while in custody, the prosecution may not use statements stemming from that interrogation "unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612 (1966). The prosecutor carries the burden to prove by a preponderance of the evidence that a valid waiver was obtained. *North Carolina v. Butler*, 441 U.S. 369, 373 (1979). The government must show (1) "that the waiver was made in full awareness of the nature of the right being waived and the consequences of waiving," and (2) "that the waiver was voluntary in the sense that it was a product of free and deliberate choice rather than intimidation, coercion, or deception" based upon the totality of the circumstances. *United States v. Hernandez*, 93 F.3d 1493, 1501 (10th Cir.1996) (citing *Colorado v. Connelly*, 479 U.S. 157, 169- 70 (1986)).

In analyzing whether a defendant's will was overborne by the circumstances surrounding the giving of a confession, this Court must review the totality of the circumstances of the interrogation. *Dickerson v. United States*, 530 U.S. 428, 434, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) (internal quotations and citation omitted). 18 U.S.C. §

3501(b) requires that the following factors be considered:

> (1) [T]he time elapsing between arrest and arraignment of the defendant making the confession, ... (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

18 U.S.C. § 3501(b).

In this case, Mr. Toups was held in his apartment, by six or seven agents, for approximately three hours, as the agents executed an invalid search warrant. These circumstances were coercive. In addition, any statements made and any evidence gathered as a result of an unconstitutional seizure must be suppressed. *U.S. v. Dunn*, 345 F.3d 1285, 1290 (11th Cir. 2003); *U.S. v. Chanthasouxat*, 342 F.3d 1271, 1280 (11th Cir. 2003). Where the statements made were the direct result of the execution of the improper search, and thus due to be suppressed as "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

**WHEREFORE**, Mr. Toups prays that all information gained from the foregoing search, seizure, and interrogations be suppressed.

> Respectfully submitted,
>
> s/ Christine A. Freeman
> **CHRISTINE A. FREEMAN**
> Counsel for Mr. Toups

FEDERAL DEFENDERS
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: Christine_Freeman@fd.org
TN Bar Code: 11892

**FEDERAL DEFENDERS**
**MIDDLE DISTRICT OF ALABAMA**
201 Monroe Street, Suite 1960
Montgomery, Alabama   36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353

## CERTIFICATE OF SERVICE

     I hereby certify that on July 14, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

     K. David Cooke, Esquire
     Assistant United States Attorney
     One Court Square, Suite 201
     Montgomery, Alabama 36104

s/ Christine A. Freeman
**CHRISTINE A. FREEMAN**
**FEDERAL DEFENDERS**
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: Christine_Freeman@fd.org
TN Bar Code: 11892