IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR. NO: 2:06-CR-112-MEF |
| | ) | |
| GLENN C. TOUPS | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION TO SUPPRESS AND CITATIONS OF AUTHORITY**

COMES NOW the Government, by and through undersigned counsel, and hereby files this its *Response to Defendant's Motion to Suppress and Citations of Authority*. In support thereof, the government offers the following:

**Response to the Defendant's Statement of Facts:**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied. In addition to giving the account number and address of the account holder, America Online also provided the billing information listing the name of the account holder as "Glenn C Toups," and a daytime and evening phone number of "3342803630." AOL also listed the account as "active." Agent Faulkner, through various computer database searches, confirmed that the phone number and address both belonged to the defendant, Glenn Charles Toups, prior to the search (*see, search warrant affidavit* at ¶ 23).

6. Admitted.

7. Denied. Through various computer database searches, including an Alabama Driver's

License Search, SA Faulkner was already aware that the Defendant resided at the subject address. The manager of the apartment complex merely *confirmed* that Mr. Toups was still a resident of the apartment. SA Faulkner made no determination as to whether Mr. Toups lived alone or with another person, be it adults, or children.

8. Denied. SA Faulkner already knew that the defendant worked at Regions bank and merely confirmed that he worked there. Additionally, SA Faulkner learned that the defendant was a computer analyst, and confirmed his home address with his employer.

9. Admitted.

10. Admitted.

11. Admitted.

12a. admitted.

12b. Denied. The defendant's AOL account was opened on April 17, 2003, and the child pornography he sent via e-mail using that account was discovered in January of 2005. Prior to the search, the FBI had printouts of over 30 e-mails, dated October 6, 2004, showing the mailing of child porn from the defendant's account to Gabriel Beltram.

12c. Denied. See answer to 12b above.

12d. Denied. The screen name "nudetooldad" was necessarily used between the day Mr. Toups's AOL account opened in April of 2003 and the day of the e-mail's discovery in January of 2005.

12e. Denied. The screen name "nudetooldad" was necessarily deleted between April 17, 2003, and January 1, 2005. The government expects to show that the screen name was still in use in October of 2004, when the defendant sent child pornography to another person using that e-mail address.

12f. Denied. The multiple database searches confirmed that the AOL subscriber "Glenn C Toups" residing at the defendant's address was in fact the defendant. There is no information from any source that indicates someone other than the defendant is "nudetooldad" or the individual who sent Gabriel Beltram the e-mails containing child pornography. The defendant's confession is merely corroborative of this information.

12g. Denied. See answer to "12f" above.

12h. Denied. The uncontraverted information was that the defendant was the same Glenn C. Toups who was the account holder for the screen name "nudetooldad," and the "nudetooldad" screen name was used to send over 30 images of child pornography to another individual.

12i. Denied. Every database search indicated that the defendant resided at the address provided by AOL, which is located in the Middle District of Alabama. Telephone calls to both the defendant's employer and to his apartment manger confirmed that the defendant resided at this address, and that he accessed the internet through a local internet service provider.

12j. Denied. See 12i above. Additionally, SA Faulkner opined that, based on her training and experience, individuals who collect and trade pornography rarely dispose of these images.

### Supplemental Statement of Facts

After obtaining the search warrant in this case (attached and incorporated by reference as Exhibit "A") SA Faulkner and other agents executed the search warrant on August 5, 2005. The defendant was present during this search, and SA Faulkner told the defendant he was not under arrest and was free to leave at anytime. The defendant went to a patio area on the outside of his home for most of the search. Toups also gave a voluntary statement. Although he was not in custody, Toups received his *Miranda* warnings and agreed to speak with the agents. Toups admitted to possessing and distributing child pornography, and told the agents what type of

pornography they would find on his computer. He confirmed that he was the individual who had sent over 30 images to Gabriel Beltram, and reviewed and initialed each of the e-mail print-outs and accompanying images that he e-mailed to him. After the search was concluded, the defendant was not arrested and remained in his home. He was not arrested until after the indictment was handed down some months later.

## Law

"When a defendant is suspected of possessing child pornography, the staleness determination is unique because it is well known that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes". *United States v. Irving*, 432 F.2d 401, 416 (2nd Cir. 2005), upholding the search of a defendant's home computer based on information at least 22 months old. *See also United States v. Gourde*, 430 F.3d 1065 (9th Cir. 2006), and *United States v. Abraham,* 2006 WL 1344303 (W.D. Pa.). Given that the defendant's AOL account was used to send over 30 images of child pornography less than 12 months prior to the search, and the account used to send these images was a little over 2 years old at the time of the search, coupled with the fact that individuals who trade in these images are likely to hoard them, the search of Mr. Toups's home was reasonable, and the information in the warrant was not stale. The defendant's motion should therefore fail on those grounds. (Please note: the government will not be addressing the issue of whether sending e-mail over the world wide web affects interstate commerce unless the court indicates that is an issue for this hearing).

Regarding the defendant's statements to the police, the government intends to show that Mr. Toups was not in custody at the time of his statements, and that even if he were, his statements were voluntary and pursuant to a valid waiver.

Respectfully submitted this 21st day of July, 2006.

                         LEURA G. CANARY
                         UNITED STATES ATTORNEY

                         /s/ K. David Cooke, Jr.
                         K. DAVID COOKE, JR.
                         Assistant United States Attorney
                         Post Office Box 197
                         Montgomery, Alabama 36101-0197
                         Phone: 334.223.7280
                         FAX: 334.223.7135 fax
                         E-mail: david.cooke@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:06-CR-112-MEF |
| | ) | |
| GLENN C. TOUPS | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Christine Freeman.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ K. David Cooke, Jr.
K. DAVID COOKE, JR.
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
Phone: 334.223.7280
FAX: 334.223.7135 fax
E-mail: david.cooke@usdoj.gov