IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA     )
    )
    v.    )  CR. NO. 2:06cr112-MEF
    )
GLENN CHARLES TOUPS     )

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO
REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Comes now the United States of America, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and responds to Defendant Glenn Toups's Objection

to Report and Recommendation of Magistrate Judge.

**I.    STATEMENT OF FACTS**

The Government adopts the facts as stated in the *Recommendation of the Magistrate Judge*

filed August 9, 2006.

**II.    DISCUSSION**

**A.    Standard of Review**

In reviewing the Recommendation, this Court must:

make a de novo determination of those portions of the report or specified proposed
findings or recommendations to which objection is made. A [district judge] may
accept, reject, or modify, in whole or in part, the findings or recommendations made
by the magistrate judge. The [district] judge may also receive further evidence or
recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

The requirement of a de novo determination does not mean that the district judge must

conduct a de novo hearing. If the district court "*concurs* with the magistrate's recommendation, it

need not hold another evidentiary hearing, even where the credibility of certain witnesses might be

an important factor in making the determination." *United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983) (emphasis added). On the other hand, the district court generally cannot *reject* the magistrate's credibility determinations without rehearing the disputed testimony. *See United States v. Cofield*, 272 F.3d 1303, 1305-06 (11th Cir. 2001) (per curiam)(emphasis added).

**B.     The Court Should Accept the Magistrate Judge's Recommendation**

**1.     The Search Warrant Sufficiently Described the Premises to be Searched.**

Toups first complains that an apparent clerical error in the search warrant describing his residence as "3850 McGee Place" should have instead read "3580 McGee Place." Toups conveniently ignores the remainder of the warrant and accompanying affidavit which correctly identifies Toups's address. Regardless, given Special Agent Faulkner's surveillance, phone calls to the apartment manager, and other confirmation of Toups's address, the warrant described Toups's home with sufficient particularity thus the warrant and the Magistrate's conclusion should be adopted. See *United States v. Burke*, 784 F.2d 1090 (11th Cir. 1986), upholding a search where the warrant mis-identified the defendant's city of residence*,* and *United States v. Burke*, 437 F.3d 69 (D.C. Cir. 2006), upholding a search where the warrant mis-identified the defendant's street address.

**2.     The Warrant Sufficiently Connected the Defendant and His Residence to the Criminal Activity.**

Prior to the issuance of the warrant, Special Agent Faulkner determined that:

1.     A person with the AOL screen name "nudetooldad" had e-mailed child pornography to Gabriel Beltram in Florida;

2.     The screen name "nudetooldad" had been assigned to "G Toups" and billed to "Glenn C. Toups" at Toups's address;

3.     Toups had stopped using the screen name "nudetooldad" prior to January 1, 2005, and  no

other account member had acquired that moniker;

4.     Toups had been an AOL member since 2003;

5.     Toups had lived continuously at the same address since 2002.

Based on these facts alone, probable cause existed to search Toups's residence  for evidence

that he sent 30 images of child pornography to Beltram between sometime in 2003 and January 1,

2005.

### 3.     The Information in the Affidavit Was not Stale

"When a defendant is suspected of possessing child pornography, the staleness determination

is unique because it is well know that images of child pornography are likely to be hoarded by

persons interested in those materials in the privacy of their homes." *United States v. Irving*, 452 F.3d

110, 125 (2nd Cir. 2006), (upholding the search of a defendant's home based on evidence 22 months

old). Given that Toups could not have sent the images prior to 2003, any search of his residence in

July, 2005 would be reasonable under an *Irving* analysis.[1] Furthermore, since it is commonly

understood that information on a computer's hard drive is difficult to eliminate and can be retrieved

even after it has been deleted, investigators can reasonably expect to find evidence of computer child

pornography possession based on tips that are many months old. *See United States v. Eberle*, 2006

---

[1] Faulkner's affidavit did not mention that the e-mails from Toups to Bertrand were dated October 6, 2004, 9-10 months prior to the search of Toups's residence. Although this information was not used in support of the warrant, the court could reasonably infer, that Faulkner received the information in fairly close temporal proximity to the recovery of the images in Florida, and that the recovery of the images in Florida strengthened the inference that the sender still had the images as well. Further, the Court could also consider the date of the e-mail for any analysis under *United States v. Leon*, 468 U.S. 897 (1984). .

WL 1705143 (W.D. Pa. June 15, 2006), and *United States v. Fazio*, 2006 WL 1307614 (E.D. Mo. May 9, 2006).

### 4.     The Affidavit Clearly Established Toups's Commission of a Crime

Toups also argues that the search warrant must fail because the government cannot prove that the images traveled in interstate commerce, and therefore cannot prove that a federal crime occurred. Setting aside the fact that the images appear to have been sent from Alabama to Florida, the more important concern is the manner of their transmission. "The internet is an instrumentality of interstate commerce." *United States v. Walters*, 2006 WL 1490136 (11th Cir. 2006); (quoting *United States v. Hornandy*, 392 F.3d 1306, 1311 (11th Cir. 2004).)  Because it is clear that  Toups sent the images using an instrument of interstate commerce, this argument has no merit.

### 5.  Mr. Toups's Non-custodial Statement Was Freely and Voluntarily Given.

It would be difficult to improve upon the *Recommendation of the Magistrate Judge*'s analysis of Toups's statement. In sum, there is absolutely no evidence to indicate Mr. Toups was in custody at the time of his statement, and is it clear that his statement was voluntary in light of *United States v. Brown*, 441 F.3d 1330, 1347 (11th Cir. 2006) (holding that a defendant's statement was non-custodial and voluntarily given during a police interview conducted at his home after he was informed he was free to leave at any time).  Thus, the Magistrate Judge's Report should be affirmed.

## IV. CONCLUSION

For the reasons set forth above, the United States requests that the Court overrule Toups's objection and adopt the Magistrate's Recommendation.

Respectfully submitted this 15th day of September, 2006.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> s/ K. David Cooke, Jr.
> K. DAVID COOKE, JR.
> Assistant United States Attorney
> One Court Square, Suite 201
> Montgomery, AL 36104
> Phone: (334)223-7280
> Fax: (334)223-7135
> E-mail: david.cooke@usdoj.gov
> GA Bar ID 184584

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 2:06cr112-MEF** |
| | ) | |
| **GLENN CHARLES TOUPS** | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 15, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Christine Freeman.

Respectfully submitted,

s/ K. David Cooke, Jr.
K. DAVID COOKE, JR.
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: david.cooke@usdoj.gov
GA Bar ID 184584