

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
PROBATION OFFICE
# MEMORANDUM

*TO:*  The Honorable Vanzetta Penn McPherson
United States Magistrate Judge

*REPLY TO ATTN OF:*  M. Stanford Robinson
U. S. Probation Officer

*SUBJECT:*  **GLENN CHARLES TOUPS
DOCKET NO. 2:06CR112-MEF
MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**

*DATE:*  October 19, 2006

On May 2, 2006, a single-count indictment was filed by a Middle District of Alabama Grand Jury, in Montgomery, Alabama, and charged that from an unknown date until on or about August 5, 2005, in Montgomery, County, Alabama, in the Middle District of Alabama, the defendant did knowingly possess film, videotapes, computer disks, and other material containing images of child pornography, that had been mailed, shipped, or transported by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

On May 17, 2006, the defendant appeared before the court and was released on a $25,000 unsecured appearance bond and placed on pretrial supervision with several conditions of release.

On June 14, 2006, a two count Superseding Indictment was filed and the defendant was arraigned on June 26, 2006. Subsequently, he was released on the same conditions as imposed on May 17, 2006.

On July 27, 2006, 18 U.S.C. § 3142 was amended as follows after congress passed the Adam Walsh Act of 2006. This new law established several minimum allowable conditions of release that must be ordered before any sex offender is released on bond.

The probation office respectfully requests that the defendant's conditions of pretrial supervision be modified in accordance with the amended version of 18 U.S.C. § 3142(c)(1)(B) as described below:

   1) The defendant shall participate in the home confinement program as follows: You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances as pre-approved by the probation officer. You shall pay the cost of electronic monitoring as directed by the probation office.

   2) The defendant shall avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution of the instant offense.

   3) The defendant shall have a nightly curfew from 11 p.m. until 7 a.m. unless excused in

advance by his probation officer for work related activities.

Respectfully submitted this 19th day of October, 2006.

                                                   Respectfully submitted,

                                                   /s/ M .Stanford Robinson
                                                 M. Stanford Robinson
                                                 U. S. Probation Officer

Reviewed and Approved:

/s/ Sandra Wood
Sandra Wood
Supervisory U.S. Probation Officer