IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cr-112-MEF |
| | ) | (WO) |
| GLENN C. TOUPS | ) | |

## **O R D E R**

On November 9, 2006, Defendant Glenn C. Toups filed an Unopposed Motion to Continue Trial Date (Doc. #50). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), a court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1); *see United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

A defendant may not waive his or her rights under the Act because "the Act demands that defense continuance requests fit within one of the specific exclusions set out in subsection (h)." *See Zedner v. United States*, 126 S. Ct. 1976, 1985 (2006). Among other exclusions in subsection (h), the Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the defense expert, Jimmie Fisher, will need to review multiple hard drives and forensic reports which have already been generated but not yet provided to defense counsel. In addition, Ms. Fisher will be out of the country from November 18 to December 3, 2006 due to a planned vacation, and thus will neither be able to complete this examination before November 27 nor testify during the week of November 27, 2006. The government does not opposed a continuance. Consequently, the Court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweigh the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991) (reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED as follows:

1. The Unopposed Motion to Continue Trial Date (Doc. # 50) filed on November 9, 2006 is GRANTED;

2. The trial of Defendant Glenn C. Toups is continued from the November 27, 2006 trial term to the March 12, 2007 trial term.

3. The Magistrate Judge shall conduct a pretrial conference prior to the March 12, 2007 trial term.

DONE this the 15th day of November, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE