IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cr-112-MEF |
| | ) | (WO) |
| GLENN C. TOUPS | ) | |

# **O R D E R**

On February 16, 2007, the defendant filed an Unopposed Motion to Continue Trial
(Doc. #57).  While the granting of a continuance is left to the sound discretion of the trial
judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course,
limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Speedy Trial
Act provides generally that the trial of a defendant in a criminal case shall commence within
70 days of the latter of the filing date of the indictment or the date the defendant appeared
before a judicial officer in such matter.  18 U.S.C. §3161(c)(1).  *See United States v. Vasser*,
916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on
the basis of his findings that the ends of justice served by taking such action outweigh the
best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).

The motion states that a continuance is necessary for effective preparation of an
adequate defense and for an expert to have time to review new discovery in this case.  The
defense expert has an appointment for February 26 in order to review discovery material now
in the possession of a government agent.  Due to a death in her family, the expert has not

been available to review this material any earlier. The government does not oppose a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on February 16, 2007 is GRANTED;

2. That the trial of this case is continued from the March 12, 2007 trial term to the July 9, 2007 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the July 9, 2007 trial term.

DONE this the 20th day of February, 2007.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE

2