IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA        )
                                )
    v.                          )    CR. NO. 2:06cr112-MEF
                                )
GLENN CHARLES TOUPS             )

<u>PRELIMINARY ORDER OF FORFEITURE</u>

WHEREAS, in the forfeiture allegation of the superseding indictment the United States sought forfeiture of specific property,

IT IS HEREBY ORDERED THAT:

1.  As a result of the guilty plea on Counts 1 and 2 of the superseding indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 2253, the defendant shall forfeit to the United States: any property, real or personal, used and intended to be used to commit and to promote the commission of such offenses.

2.  The Court has determined, based on the record, that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 2253; that the defendant, Glenn Charles Toups, has an interest in such property; and, that the United States has established the requisite nexus between such property and such offense:

One Dell Tower computer, serial number 00045-571-636-128;

One CTC-AXEL/3 Tower computer, serial number C1116000843;

One Tower computer (no brand name or serial number);

One Hitachi hard drive, serial number WM949; and,

All other assorted computer peripherals and storage media.

3.    Upon the entry of this Preliminary Order, the United States Attorney General is authorized to seize the listed property, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

4.    Upon entry of this Preliminary Order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.    The United States shall publish notice of the Preliminary Order and its intent to dispose of the property in such a manner as the United States Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6.    Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Preliminary Order of Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) which incorporates Title 21, United States Code, Section 853(n)(6).

7.   Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Preliminary Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

8.   Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

9.   After the disposition of any motion filed under Fed.R. Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10.   The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 28, United States Code, Section 2461(c), for the filing of third party petitions.

11.  The Court shall retain jurisdiction to enforce this Preliminary Order and to amend it as necessary pursuant to Fed.R. Crim.P. 32.2(e).

12.  The Clerk of the Court shall forward two certified copies of this Preliminary Order to the United States Attorney's Office for the Middle District of Alabama.

SO ORDERED this the _____ day of _____, 2007.


_____
UNITED STATES DISTRICT JUDGE